W. A. ODELL *et al* v. JOHN F. HENRY *et al.*

INJUNCTION BOND. *Liability of sureties. Several bonds.* The security given on the injunction bond being proved insufficient, the court ordered that the complainant execute another bond, which was done, said bond having as securities thereon the security on the original bond and several other names. Afterwards, another bond was executed with the same persons as sureties, and one other. In a contest between the sureties on these several bonds, as to the order of their liability, *held*, that they were equally liable, and that the securities other than the original security are not to be taken as successive and additional securities, increasing the amount of money secured to be paid, but only as additional names to the original bond, because as all the parties on the first and second bonds are on the third bond

Odell *v.* Henry.

with the addition of two others, that the last bond was intended to be equivalent to the addition of the other names to the first bond and nothing more.

FROM KNOX.

Appeal from the Chancery Court.

FREEMAN, J., delivered the opinion of the court.

The question in this case is as to the extent of liability of sureties on several bonds given for an injunction granted on fiat of the chancellor. It will be seen the injunction bond originally given was intended to cover the rents of certain lands involved in the litigation, which the complainants retained possession of by virtue of the injunction, and was fixed by the *fiat* of the chancellor at $4,000. The condition of this bond was to prosecute with effect the bill filed, "or in case of failure therein, shall well and truly satisfy and pay all costs and damages that may be awaded against them for wrongfully suing out the injunction granted, etc. On this bond the injunction issued. On the 25th of March, 1871, an affidavit was filed by one of the respondents, stating that Joseph A. Mabry, the only security on the injunction bond, was, as affiant believed, insolvent, and insufficient security for said injunction, and asking other and better security to be given during the term. Upon this affidavit it was ordered, "that the complainants execute another injunction bond with good and sufficient security, or justify the present security

on a day fixed, or said injunction would be dissolved. Under this rule a bond was executed in the sum of $4,000, with Joseph A. Mabry, G. W. Mabry, S. E. Swan, Z. H. Jourolmon, J. C. Luttrell, and W. H. Wilson as sureties, conditioned to pay in case complainants should fail to prosecute with effect their injunction bill, or the same be dismissed, and shall abide by and perform and fulfill the judgment or decree of said court, and pay all costs and damages that may be sustained for wrongfully suing out said injunction." This bond was given March 25, 1871, and is marked filed, but the clerks name not signed to it. Another bond was given dated April 5, 1871, with the same names, with the addition of David Nelson and R. R. Walker.

What is the liability contracted for by the parties to these bonds, and for what amount can a decree be rendered against them, is the question?

We think the nature of the transaction, as shown by the above history of the case, fixes the liability, or rather defines the terms and purpose of the undertaking of the parties. A bond for $4,000 was the amount required to be secured by the *fiat* of the court. The first bond was held not good for this amount on account of the insolvency of Joseph A. Mabry, the only surety on it. In order to secure this sum, the court required either a new bond that should be good for this amount, or that it be shown that the first one was good for the sum, that is be justified or shown free from the objection taken to it. The second bond is tendered, but we must take it,

was not satisfactory, and so a third bond is prepared and tendered, which is accepted as satisfactory to the parties, for the sum of $4,000, the amount required to be secured. On this security, that is the last bond, the suit was continued, or rather the injunction perpetuated, which otherwise would have been dissolved.

We think from the history of the transaction, and the orders of the court, these are not to be taken as successive and additional securities increasing the amount of money secured to be paid respondents in the case, but only additional names making secure the payment of the sum required to be secured by the *fiat* of the court, to wit, the sum of $4,000, and that therefore as all the parties on the first and second bonds are on the third bond, with the addition of two others, that this last bond was intended to be equivalent to the addition of the other names to the first bond, no more. This is evidenced by the fact that the names of the sureties on the first are on the second, and all on the second are on the third, with the addition of the two mentioned, thus continuing their liability, but adding to it by the other names. In a word, that the last bond is the injunction bond in the case, the liability of the parties on the first two bonds being simply continued by being affixed to the third. That such is the fair understanding of what was done, its only legitimate meaning, we think sufficiently appears from the nature of the transaction, and still more clearly by the fact that at no time was any greater amount than $4,000 asked to be secured, nor ordered by the court, all the orders being directed to secure

this sum, and all the efforts of complainants being to meet this requirement.

We do not think these facts present the case of successive bonds, with different sureties, commutative the one to the other, for the performance of a single duty, but in the case of substitution of a last bond, the securities on the first being continued in a security for an amount required to be secured, which is accepted as the security on which the parties entitled to it rest.

We therefore conclude that a decree should be entered for the sum secured by this last bond against all the parties to it, and respondents can ask no more.